ZACHARY P. HUTTON (SB# 234737)
ANNA M. SKAGGS (SB# 319179)
PAUL HASTINGS LLP
101 California Street
Forty-Eighth Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
zachhutton@paulhastings.com
annaskaggs@paulhastings.com

EMILY R. PIDOT (SB# 233241)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
emilypidot@paulhastings.com

Attorneys for Defendant
HIMAGINE SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HAZEL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HIMAGINE SOLUTIONS, INC., and DOES 1-100, inclusive,<br><br>Defendants. | No. _____<br><br>**DEFENDANT HIMAGINE SOLUTIONS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**[28 U.S.C. §§ 1331, 1441(a) and (c), 1446(a), (b) and (d), and 1367(a)]**<br><br>Los Angeles County Superior Court Case No. 20STCV17008 |

To the Clerk of the Court, plaintiff Brian Hazel, and plaintiff's attorneys of record:

PLEASE TAKE NOTICE that defendant Himagine Solutions, Inc. ("Himagine") hereby removes this action from the Superior Court of California in and for the County of Los Angeles (the "Superior Court") to this Court, based on federal question jurisdiction, 28 U.S.C. §§ 1331, 1441(a) and (c), and 1446(a), (b), and (d), and supplemental jurisdiction, 28 U.S.C. § 1367(a), for the reasons stated below:

1. On April 29, 2020, plaintiff Brian Hazel ("Plaintiff") filed a complaint (the "Complaint") in the Superior Court entitled: *"Brian Hazel, on behalf of himself and all others similarly situated, Plaintiffs, v. Himagine Solutions, Inc., and DOES 1-100, inclusive, Defendants*," designated as Case No. 20STCV17008 (the "Action"). The Complaint asserted seven causes of action against Himagine under California state law: (1) failure to compensate for all hours worked (Cal. Lab. Code §§ 200, 204, 1194, 1198); (2) failure to pay minimum wage (Cal. Lab. Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197); (3) failure to pay overtime wages (Cal. Lab. Code §§ 200, 510, 1194); (4) failure to timely reimburse for necessary business expenditures (Cal. Lab. Code § 2802); (5) failure to provide accurate, timely, and itemized wage statements (Cal. Lab. Code § 226); (6) waiting time penalties (Cal. Lab. Code §§ 201-203); and (7) unfair business practices (Cal. Bus. & Prof. Code § 17200 *et seq.*). A true copy of the Complaint is attached to this notice as Exhibit A.

2. On May 15, 2020, the Superior Court issued an order designating the Action complex, assigning the Action to a judge for all purposes, staying proceedings in the Action (including filing of any responsive pleading) until the date of the initial status conference, and directing Plaintiff to serve a copy of the order on all parties. A true and correct copy of the Superior Court's order is attached to this notice as Exhibit B.

3. On May 21, 2020, Plaintiff filed the operative first amended complaint (the "FAC") in the Superior Court. The FAC asserts an eighth cause of action against Himagine under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201 *et seq.* A true copy of the FAC is attached to this notice as Exhibit C.

REMOVAL OF CIVIL ACTION
U.S.D.C., C.D. Cal., No. _____

LEGAL_US_E # 148894220.1

4. On June 8, 2020, Plaintiff effected service of process on Himagine of the summons, the Complaint, and the FAC. A true copy of the summons and all other papers that Himagine received from Plaintiff (excluding the Complaint and FAC) are attached to this notice as Exhibit D.

5. On June 5, 2020, Plaintiff filed a peremptory challenge to judicial officer pursuant to California Code of Civil Procedure section 170.6 and declaration of Plaintiff's counsel in support of same. A true copy of the peremptory challenge and declaration are attached to this notice as Exhibit E.

6. On June 17, 2020, the Superior Court issued an order denying Plaintiff's peremptory challenge to judicial officer pursuant to California Code of Civil Procedure section 170.6, finding the challenge was untimely. A true copy of the order and all other papers that Himagine received from Plaintiff related to the order are attached to this notice as Exhibit F.

7. On June 26, 2020, the Superior Court issued an Initial Status Conference Order and Minute Order regarding Setting of Initial Status Conference. A true copy of the Initial Status Conference Order, Minute Order, and certificate of mailing of same are attached to this notice as Exhibit G.

8. On July 1, 2020, the Superior Court issued a Minute Order regarding the Initial Status Conference Order. A true copy of the Minute Order and certificate of mailing of same are attached to this notice as Exhibit H.

9. The Superior Court's online docket reflects that, on July 1, 2020, the Superior Court issued an Initial Status Conference Order for the complex litigation program. Defendant has not received a copy of the order. A true copy of the Superior Court's online docket reflecting documents filed in the Action is attached to this notice as Exhibit I.

10. No other defendant is named in the operative complaint in this Action and Himagine is informed and believes that no other defendant has been served with process in this Action.

11. This notice of removal is effected properly and timely pursuant to 28 U.S.C. section 1446(b)(3), as it is filed within 30 days after service of the summons and FAC. 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). The first pleading, motion, order or other paper from which Himagine could ascertain that the Action is removable is the FAC, in which Plaintiff first asserted the eighth cause of action under the FLSA. (*Compare* Complaint, Exh. A, *with* FAC, Exh. C.) Plaintiff served the summons and FAC on Himagine on June 8, 2020. (*See* Exh. D.)

12. Notice of this removal and all supporting papers will promptly be given to both Plaintiff and the Superior Court pursuant to 28 U.S.C. section 1446(d).

13. Venue is proper in this District pursuant to 28 U.S.C. section 1441(a) because the Superior Court where the removed case was pending is located within this District.

## Federal Question Jurisdiction

14. A state court action may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331.

15. Plaintiff's eighth cause of action is brought under and is based entirely on an alleged violation of the FLSA, 29 U.S.C. section 201 *et seq*. (*See* FAC, Exh. C, ¶¶ 111-120.) Specifically, Plaintiff alleges, in part:

> Defendant has violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia,* failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. Defendant also requires unlawful kickbacks against

|  |  |
|---|---|
| 1 | Plaintiff and Collective member's overtime wages in the form of |
| 2 | unreimbursed business expenses. Defendant has also violated the FLSA |
| 3 | by failing to keep required, accurate records of all hours worked by |
| 4 | Plaintiff and the Collective. 29 U.S.C. § 211(c). |

(*Id.*, ¶ 115.)

16. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. section 216, which provides that "[a]n action to recover the liability [under section 206, 207 or 215(a)(2)] may be maintained against any employer … in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

17. Accordingly, Himagine may remove this action because it arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441.

## Supplemental Jurisdiction

18. In an action where "the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Because federal question jurisdiction exists as a result of Plaintiff's FLSA claim, this Court also has supplemental jurisdiction over Plaintiff's other claims arising under state law for alleged state law violations related to Plaintiff's FLSA claim.

19. Under 28 U.S.C. section 1367(a), "[s]tate and federal claims form part of the same constitutional 'case' when they 'derive from a common nucleus of operative fact' and are such that 'considered without regard to their federal or state character ... [plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Lagunas v. SPS Techs., LLC*, No. SACV182005JVSDFMX, 2019 WL 949523, at *2 (C.D. Cal. Feb. 27, 2019) (quoting and citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004)).

20. Although a plaintiff may seek multiple theories of recovery, allegations of violations under the FLSA and state law may indeed "arise out of a cohesive narrative" concerning a defendant's conduct towards a plaintiff "in his capacity as an employee" and, specifically, the plaintiff's "job responsibilities, the hours [he] worked, the hours for which [he] was paid, the amounts [he] was paid, [and the employer's] timekeeping practices[.]" *Lagunas*, 2019 WL 949523, at *3-4 (citing *Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 WL 3021042 (N.D. Cal. July 17, 2017); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir. 1997). Where "evidence relevant to [a plaintiff's] state and federal claims overlaps substantially, considerations of economy, convenience, and fairness indicate that the Court should exercise supplemental jurisdiction over the state law claims." *Id.* at *4 (citing *Acri*, 114 F.3d at 1001).

21. In this Action, in addition to the FLSA claim, Plaintiff alleges multiple state law claims for failure to pay wages (Cal. Lab. Code §§ 200, 204, 510, 1194, 1194.2, 1182.11, 1182.12, 1197, 1198); failure to timely reimburse for necessary business expenditures (Cal. Lab. Code § 2802); failure to provide accurate, timely, and itemized wage statements (Cal. Lab. Code § 226); waiting time penalties (Cal. Lab. Code §§ 201-203); and (7) unfair business practices (Cal. Bus & Prof. Code § 17200 *et seq.*).

22. These state law claims all arise from the "cohesive narrative" alleged in the FAC: That as a result of "uniform and company-wide compensation policies[,]" Himagine failed to pay Plaintiff (and members of the proposed collective action) for all hours worked and required "unlawful kickbacks against … overtime wages in the form of unreimbursed business expenses." (*See, e.g.*, FAC, Exh. C, ¶¶ 25-31, 115-116.)

23. Because Plaintiff's claims under the FLSA and state law share a "common nucleus of fact" such that there is a "cohesive narrative" as to his allegations, this Court has supplemental jurisdiction over Plaintiff's state law claims. *Lagunas*, 2019 WL 949523, at *2-4.

\* \* \*

24. Based on the foregoing, all requirements under 28 U.S.C. sections 1441(a) and 1367(a) have been satisfied.  As a result, the Action may be removed to this Court on the grounds of federal question jurisdiction and supplemental jurisdiction.

Dated:  July 8, 2020.

ZACHARY P. HUTTON
EMILY R. PIDOT
ANNA M. SKAGGS
PAUL HASTINGS LLP

By: _____*/s/ Zachary P. Hutton*_____
Zachary P. Hutton
Attorneys for Defendant
Himagine Solutions, Inc.